NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN EUGENE BAZZILL,

Plaintiff - Appellant,

v.

COUNTY OF YAVAPAI; DENNIS
McGRANE, Yavapai County Attorney;
DONNA McQUALITY, Yavapai Court
Clerk; KENNEDY KLAGGE, Public
Defender; DAVID RHODES, Yavapai
County Sheriff,

Defendants - Appellees.

No. 25-1098

D.C. No. 3:24-cv-08165-KML--
MTM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Krissa M. Lanham, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Ryan Eugene Brazzill appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (dismissal as time-barred); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Bazzill's action as time-barred because Bazzill failed to file the action within the applicable statute of limitations. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Arizona statute of limitations is two years); *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018) (explaining that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**